IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JOHNNY GREGORY, et al., ) <br> ) <br> For Themselves and As Representatives of ) <br> a Class of Similarly Situated Persons, ) <br> ) <br>        Plaintiffs, ) <br>   v. ) <br> ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> ) <br>        Defendant. ) | No. 09-114L <br> Honorable Thomas C. Wheeler <br><br> (Electronically Filed <br> May 4, 2011) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY FOR CERTAIN CATEGORY I CLASS MEMBERS**

Defendant, the United States of America, submits this reply in support of its Motion for Enlargement of Time to Respond to Plaintiffs' Motion for Partial Summary Judgment on Liability for Certain Category I Class Members [Dkt. 47]. In that motion, the United States requested that it be given an additional 14 days to allow it to determine the scope of the cross-motion that it will file in response to Plaintiffs' Motion for Partial Summary Judgment on Liability for Certain Category I Class Members [Dkt. 43]. Specifically, the United States is considering whether its cross-motion will address only the 130 parcels at issue in Plaintiffs' summary judgment motion, or whether it will instead address a larger group of claims (including potentially, all 331 claims at issue in this action). In their Opposition [Dkt. 48], Plaintiffs indicate that they do not object to the United States' seeking an enlargement of time to respond to their summary judgment motion, but they contend that it would be improper for the United

States to cross-move for summary judgment in connection with a larger group of claims than those at issue in Plaintiffs' summary judgment motion.

The United States would like to make three points so that the record is clear as this Court considers its request for an enlargement of time.

First, Plaintiffs have divided this case between two categories of Plaintiffs, which they are calling the Category I Class Members and the Category II Class Members, based on the approximate dates on which the railroad acquired the segments of the corridor abutting the Plaintiffs' respective parcels of land.  Out of the 331 parcels owned by 257 Plaintiffs, Plaintiffs' summary judgment motion concerns only 130 of the parcels.  Plaintiffs' summary judgment motion concerns some, but not all, of the parcels owned by some, but not all, of the Category I Class Members.  Plaintiffs' summary judgment motion does not involve any of the claims of the Category II Class Members.  Plaintiffs have taken no firm position as to whether they will file subsequent summary judgment motions, and if so, what claims such motion(s) would address.

Second, if the United States cross-moves for summary judgment on more than the 130 claims at issue in Plaintiffs' summary judgment motion, it will do so on the basis that the relevant parcels abut segments of the railroad corridor in which the railroad held fee title.[1]  Because a plaintiff cannot state a compensable takings claim under the Fifth Amendment if the railroad, rather than the plaintiff, held fee title to the segment of the railroad corridor abutting the plaintiff's property, the United States would be entitled to summary judgment for this reason alone.  Summary judgment in favor of the United States would be appropriate notwithstanding

---

[1] Alternatively, the United States will argue that even if the railroad held only an easement in the corridor under Mississippi law, railbanking is within the scope of the easement.

any unresolved objections on matters such as whether (a) a claimant owned the relevant parcel on the date of the alleged taking, or (b) a claimant's parcel actually abuts the railroad corridor.[2]

Third, Plaintiffs refer to an ongoing "discovery process as agreed to by the parties." This Court has not entered a schedule for further discovery, and the United States is not aware of any such schedule. That said, the United States has no objection to Plaintiffs' taking further discovery on any material issues, for which they bear the burden of proof. The United States therefore suggests that this Court consider staying further summary judgment briefing until a discovery period to be established by the Court has been completed. If, after the conclusion of such a discovery period, Plaintiffs wish to amend their summary judgment motion to include additional claims in a single summary judgment motion, the United States would have no objection. Indeed, the United States indicated in the parties' March 24, 2011, Joint Status Report that "[i]f Plaintiffs are not prepared to file a single motion for partial summary judgment on liability by April 8, 2011, the United States would not object to an extension of that deadline from the Scheduling Order." Dkt. 39 at 3-4.

For the reasons discussed above and in its motion, the United States respectfully requests that this Court grant it an additional 14 days to respond to Plaintiffs' Motion for Partial Summary Judgment on Liability for Category I Class Members. Alternatively, the United States requests that this Court stay summary judgment briefing until a discovery period established by this Court has been completed, and a single, orderly set of summary judgment motions can be presented to this Court.

---

[2] The United States would, however, reserve such objections in the event that its cross-motion is denied as to a given plaintiff.

                    Respectfully submitted,

                    IGNACIA S. MORENO
                    Assistant Attorney General
                    Environment & Natural Resources Division

                    /s/ Joshua A. Doan
                    JOSHUA A. DOAN
                    United States Department of Justice
                    Environment & Natural Resources Division
                    Natural Resources Section
                    P.O Box 663
                    Washington, DC 20044-0663
                    Tel: (202) 305-0874
                    Fax: (202) 305-0506
                    Email: joshua.doan@usdoj.gov

                    Counsel for Defendant

May 4, 2011